Filed 12/19/23  P. v. Gonzales CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062229 |
| v. | Super. Ct. No. 06CF3111 |
| CARLOS ROSARIO GONZALES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2009, a jury found Carlos Rosario Gonzales guilty of first degree murder and found true firearm allegations.  He received a sentence of 75 years to life, plus five years.

In 2022, he filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition without an Order to Show Cause, finding Gonzales failed to state a prima facie case for resentencing relief.

Gonzales appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), stating no arguable issues could result in a disposition more favorable to Gonzales (*id*. at p. 232).  Gonzales filed a supplemental brief raising numerous issues.  As discussed below, we find no reasonably arguable issue on appeal.  We therefore affirm.

## FACTS

On October 19, 2009, a jury found Gonzales guilty of first degree murder (§ 187, subd. (a)), and found true the allegations he personally used a firearm during the commission of the murder and he personally and intentionally discharged a firearm proximately causing the death of the victim (§§ 12022.5, subd. (a), 12022.53, subd. (d)).  After Gonzales appealed, this court affirmed his murder conviction, but remanded for resentencing.  (*People v. Gonzales* (March 27, 2012, G044503) [nonpub. opn.].)  Subsequently, the trial court sentenced Gonzales to an indeterminate term of 75 years to life, plus a consecutive term of five years.

On August 2, 2022, Gonzales filed a petition for resentencing.  The court appointed counsel on August 19, 2022.  The district attorney filed a response, requesting a prima facie hearing and arguing that the petition should be denied at the hearing.  Appointed counsel filed a reply, and Gonzales personally filed a supplemental prima facie brief.

---

[1]        All further statutory references shall be to the Penal Code.

After considering all the briefing and the parties' arguments at the prima facie hearing, the court denied the resentencing petition. The court found after a review of the jury instructions and verdict forms that the jury was not instructed on any theory of liability for murder that required malice be imputed to Gonzales. Specifically, the instructions did not reference — and no separate instruction was given — regarding "the felony murder rule, conspiracy, natural and probable consequences, or the involvement of another perpetrator." The court concluded Gonzales failed to establish a prima facie case for relief because the jury could not have improperly imputed malice to him based on his participation in a crime.

Gonzales timely appealed.

## DISCUSSION

Following *Wende/Delgadillo* guidelines, we have reviewed counsel's brief, Gonzales's supplemental brief, and the appellate record.

Section 1172.6 provides in pertinent part: a "person convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A[n] . . . information . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

"'We independently review a trial court's determination on whether a petitioner has made a prima facie showing.' [Citation.]" (*People v. L*ee (2023) 95

3

Cal.App.5th 1164, 1174.)  A petitioner is ineligible for resentencing relief if "the jury was not instructed on any theory of liability for murder . . . that required that malice be imputed to him." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)  A review of the record of conviction, including the jury instructions, shows that appellant was not convicted based on a now invalid malice theory.  Gonzales thus is ineligible for resentencing relief as a matter of law.  (Cf. *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["For example, if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law."].)

In his supplemental brief, Gonzales argues that he did not have the intent to kill when he fired the gun.  He also raises numerous trial evidentiary issues, including: (1) the jury was not allowed to hear evidence that he was pepper sprayed; (2) trial counsel was ineffective; (3) the prosecutor committed misconduct; and (4) the trial court erred in admitting evidence of petitioner's prior felony convictions to impeach hearsay statements.  He also argues this court should exercise our discretion to strike his firearm enhancements and the evidence was insufficient to support his murder conviction. Gonzales has not shown how these issues are relevant to the court's ruling on his resentencing petition.  In any case, we conclude Gonzales has forfeited these arguments by not raising them in his direct appeal.  (Cf. *People v. Burns* (2023) 95 Cal.App.5th 862, 868, fn. omitted ["His failure to raise the argument on direct appeal forfeited that claim [citation], and the subsequent petition process created by the Legislature when it enacted Senate Bill No. 1437 did nothing to change the applicable law so as to resurrect an argument he had already abandoned."].)

4

Our review of the entire record does not show the existence of an arguable issue.  (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.)  Consequently, we affirm the postjudgment order.

## DISPOSITION

The trial court's postjudgment order denying resentencing relief is affirmed.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

5